**Clifford FLOOD, Jr., Plaintiff,**

v.

**CITY OF EAST ORANGE, Defendant.**

**Civ. No. 81–3129.**

United States District Court,
D. New Jersey.

July 20, 1982.

Clifford Flood, Jr., pro se, for plaintiff.

John C. Tarantino, Asst. City Atty., East Orange, N.J., for defendant.

## OPINION

BIUNNO, Senior District Judge.

Mr. Flood was the sole bidder at a public auction for a vacant parcel of land in East Orange, N.J., and it was struck off to him for his bid of $50. A neighborhood group, hearing of the sale, was of the view that the property was park property which the City was not free to sell. Representatives appeared at a City Council meeting to urge that the approval of the sale (which had been approved by Council and concurred in by Mayor Cooke) be rescinded. They failed to persuade Council, and the closing was held. Flood paid the balance of the purchase price, received his deed, and promptly recorded it.

The contract of sale, signed after the successful bid, called for a bargain and sale deed, and the deed was in that form.

Under long established New Jersey law of real property a bargain and sale deed conveys whatever interest the grantor can convey. Under a contract for a bargain and sale deed, the buyer may reject the sale if the title proves to be unmarketable, but if he closes title and accepts a bargain and sale deed, he receives no more than the grantor could convey, even if it could convey nothing. The contract merges in the deed.

Absent a covenant in the deed beyond the bare conveyance, or absent a provision in the closing statement for the survival after closing of any provision in the contract, the seller is under no obligation to defend the buyer's title if it be challenged.

These are hornbook principles of New Jersey law, long established and adhered to, for which no citation of precedent is required.

After the closing, the neighborhood group filed suit in Superior Court against the City and Flood, challenging the sale. The group then filed a second suit in Superior Court to challenge the sale. Then the State of New Jersey filed suit, also against the City and Flood, in Superior Court, based on a contract made by the City with the State as a condition of receiving assistance under the State's "Green Acres" program. One of the requirements was that the City agreed not to sell or dispose of any property used for park or recreational purposes without the State's consent or approval.

When the matter first began, with the listing of the property for auction, current City records did not correctly disclose the historical background and it was assumed the City could sell the land as surplus property.

As the several suits were filed, further investigation revealed that the current records were incorrect. While the City did not attempt any defense of the three lawsuits mentioned, it did tender and make disclosure of all information in its records.

Eventually, those records showed that the land had been conveyed to the City long before, by deed, and that it had been put to use as a park, with capital funds expended for its development and improvement for that purpose.

The City then filed suit against Flood, to set aside and vacate the sale and the deed, in view of the status of the land as park property (to which an entirely different statute applied) and because of its contract with the State. After a removal of one or another of the pending cases to this court, an order of remand was entered. The cases were consolidated and heard, and a judgment entered setting aside the contract and the deed as ultra vires and in violation of the contract with the State, and Flood was ordered to reconvey. After some difficulties and proceedings to enforce the order, the City repaid Flood his $50. purchase price, refunded the quarter of the 1979 taxes he had paid, and costs of $100., and a reconveyance deed was executed and delivered to the City.

The suit here is grounded on the claim that the City's action amounted to a violation of the Impairment of Contracts clause, *U.S. Const.*, Art. I, sec. 10, cl. 1, and Due Process, Amend. 14.

In the course of a periodic review of inactive cases, the court observed that while a return of service had been filed, there had been no discovery, no answer, and no other activity. It noticed its intention to dismiss the action for lack of prosecution under Rule 30A of this District.

Flood then promptly filed a request for entry of default, F.R.Civ.P. 55(a), and a notice of motion for default judgment under Rule 55(b)(2), seeking recovery of his demands for $100,000. compensatory and $300,000. punitive damages.

Being uncertain of the validity of the service, as well as puzzled by the failure to answer, the court carried the motion to dismiss until the return on the motion for default judgment, notice of which had been given although not required.

A memorandum was then issued raising doubts the court harbored in respect to jurisdiction and Flood was provided an opportunity to address them in writing, which he did, and to present oral argument as well.

After its previous inexplicable silence, the City responded by filing a set of all the essential documents in the earlier history, which showed litigation of the dispute in Superior Court and a final judgment, from which no appeal was taken, adverse to Flood, adjudicating on the merits that the City was not free to sell the land, that the sale and the deed were ineffective, setting them aside as null and void, and ordering a reconveyance of the legal title.

With that adjudication, it was established that there never was a valid contract and no effective deed. Rescission wipes out the contract as though it had never been made, and for that reason, the Impairment of Contracts clause does not apply. In its absence, there is no federal question, and the court lacks jurisdiction of the case. Although the question of jurisdiction was raised by the court on its own initiative, as it is obliged to do as a court of limited statutory authority, Flood was given a full and fair opportunity to address the point, and he was fully heard. The Due Process claim is without substance as well, since Flood was afforded a full and fair opportunity to litigate the issues in the Superior Court consolidated actions, to all of which he was a party.

At most, the claim is no more than a claim of breach of contract to sell the land at the price bid at the auction. Since the City was not free to sell the land, Flood had the right to reject title as unmarketable and to refuse to proceed with closing. In the absence of any covenants to survive closing, his acceptance of a bargain and sale deed which conveyed nothing cannot put the City to any greater obligation than it had before closing. The claim is therefore not of constitutional dimension, nor is it within the scope of 42 U.S.C. § 1983.

Beyond that, Flood is precluded from relitigating here the issues litigated, or that could have been litigated, in the consolidat-

ed Superior Court suits. See 28 U.S.C. § 1738, *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

Beyond that, Flood's papers offer no basis whatever for setting compensatory damages of $100,000 for a parcel of land he bid in for $50., and it is now established that the City of East Orange is immune from the claim for punitive damages, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

The court therefore has no alternative but to dismiss the suit for lack of jurisdiction. Flood has appeared *pro se* throughout this case, although he was represented by an attorney in the Superior Court. The City, however, was woefully inattentive in the matter and could have long ago brought this matter to a close by a suitable motion grounded on the final judgment in the Superior Court. For these various reasons, no costs will be allowed.